<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DINA ARDIS SCHWARTZBERG, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 15-4172 (MAS) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | **MEMORANDUM OPINION** |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

This matter comes before the Court upon Dina Ardis Schwartzberg's ("Plaintiff") appeal from the final decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Defendant"), denying her request for benefits. (ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Court dismisses Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## I.    BACKGROUND

On June 19, 2015, Plaintiff appealed Defendant's denial of her request for benefits. (ECF No. 1.) On September 2, 2015, Defendant filed an Answer to the Complaint and submitted the Administrative Record. (ECF Nos. 3, 4.) The Court's October 22, 2015 scheduling order (the "Order") provided that: (1) Plaintiff must electronically file a statement of her primary contentions or arguments for relief by November 5, 2015; (2) Defendant must file a response by December 3, 2015; (3) Plaintiff must electronically file her moving brief by December 31, 2015; (4) Defendant must file a responsive brief within forty-five days of the moving brief; and (5) Plaintiff may file a

reply brief within fifteen days of the responsive brief. (Oct. 22, 2015 Or., ECF No. 5.) The Order

additionally provided, "**NO ENLARGEMENTS OF TIME WILL BE GRANTED** to comply

with any directive in this Order, even with the consent of all parties, barring extraordinary

circumstances." (*Id.*) Plaintiff failed to electronically file her statement of primary contentions by

November 5, 2015. On February 1, 2016, the Court issued an Order to Show Cause ("OTSC") that

required Plaintiff to show cause in writing by February 16, 2016, as to why this action should not

be dismissed for failure to comply with the Court's October 22, 2015 Order. (ECF No. 6.) Plaintiff

failed to respond to the Court's OTSC.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) provides for the dismissal of an action "[i]f the

plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

The Court's consideration of whether to dismiss an action under Rule 41(b) is governed by the

following factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.

1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice
> to the adversary caused by the failure to meet scheduling orders and
> respond to discovery; (3) a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails
> an analysis of alternative sanctions; and (6) the meritoriousness of
> the claim or defense.

*Id.*

With respect to the first *Poulis* factor, Plaintiff has failed to comply with the Court's orders

and this factor weighs in favor of dismissal. The second *Poulis* factor weighs somewhat in favor

of dismissal. While Plaintiff's failure to prosecute her case in the type of administrative appeal

currently at issue does not result in the type of injustice to Defendant that is present in traditional

2

civil cases, there is, at the very least, some inherent prejudice to Defendant caused by the delay that has resulted from Plaintiff's failure to prosecute her case.

The third *Poulis* factor also weighs in favor of dismissal as Plaintiff has demonstrated a history of dilatoriness. As to the fourth *Poulis* factor, the Court does not find that Plaintiff's conduct has been in bad faith. However, Plaintiff's failure to comply with the Court's orders supports a finding of willfulness. As such, this factor also weighs in favor of dismissal. The fifth *Poulis* factor similarly weighs in favor of dismissal. Here, the Court's original scheduling order was abundantly clear with respect to the various deadlines as well as the ultimate consequence for failure to comply with the deadlines. The subsequent OTSC provided Plaintiff with the opportunity to argue against dismissal, and Plaintiff failed to respond to the OTSC. Based on the current facts, the Court finds that no lesser sanction would be effective.

Finally, the sixth *Poulis* factor also appears to weigh in favor of dismissal. On appeal from the final decision of the Commissioner of the Social Security Administration, the district court must determine whether there is substantial evidence in the record to support the Commissioner's decision. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer*, 186 F.3d at 427. In reviewing the record for substantial evidence, a court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford*, 399 F.3d at 552 (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the Administrative Law Judge's ("ALJ") decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

In Plaintiff's opening statement at the November 14, 2013 hearing before the ALJ, counsel indicated that while Plaintiff experienced symptoms of general anxiety, panic attacks, and irritable bowel syndrome for almost thirty years, she did not seek significant treatment until the last six or seven years. (Administrative Transcript ("Tr.") 36-37, ECF No. 4-2.) Plaintiff then testified that she: (1) had a college degree and completed a number of post-graduate courses; (2) was laid off on October 29, 1991; and (3) learned she was pregnant one month later. (*Id.* at 44-46, 53.) In addition, she testified that during the period at issue[1], she: (1) could sit, stand, squat, climb stairs, and shop; (2) listened to a relaxation tape created by her doctor; and (3) relied on a written list of what to do when she had a panic attack. (*Id.* at 72-83.) In his decision, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date through her date last insured of December 31, 1996. (*Id.* at 23.) The ALJ additionally noted that through the date last insured, there were no laboratory findings or medical signs to substantiate the existence of a medically determinable impairment. (*Id.*) Here, it appears that the ALJ's decision was supported by substantial evidence. Accordingly, the final *Poulis* factor weighs in favor of dismissal.

## III.  CONCLUSION

As the *Poulis* factors weigh in favor of dismissal, the Court finds good cause to dismiss the matter with prejudice pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order accompanies this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 18, 2016

---

[1] Plaintiff alleged a disability onset date of January 1, 1992. (Tr. 53.)

4